**Sandra BRANDT, Appellant,**

v.

**Dennis BRANDT, Appellee.**

**Civ. No. 940097.**

Supreme Court of North Dakota.

Oct. 27, 1994.

Constance L. Triplett of Triplett Law Office, Grand Forks, for appellant; submitted on brief.

Kevin B. Spaeth of Spaeth, Thelen, Dearstyne & Van Voorhis, Grand Forks, for appellee; submitted on brief.

Lynn Anderson Kerbeshian, Grand Forks, Guardian ad Litem.

SANDSTROM, Justice.

Sandra Brandt appeals from an order allowing her former husband supervised visitation with their minor child. Contending her former husband sexually abused their child, Brandt sought a protection order. The trial court found that the evidence did not establish abuse by the former husband. We affirm.

## I

Sandra and Dennis Brandt were married July 30, 1983, and had one child during the marriage. The couple separated in May 1990, when the child was less than one year old. The divorce decree, entered July 1992, granted Sandra custody of their child with Dennis to receive supervised visitation.

On December 2, 1992, Sandra filed an application for a protection order under N.D.C.C. ch. 14–07.1. She alleged Dennis had sexually abused their child. A hearing on the order was continued several times to allow for psychological examination of the parties and appointment of a guardian ad litem for the child. The alleged sexual abuse was also investigated by social services and the state's attorney. Probable cause was never established and criminal charges were not filed against Dennis.

Sandra Hewitt, Ph.D., Sandra's expert, interviewed the child and concluded Dennis had sexually abused him, but said her findings needed to be replicated by another professional. Myron Veenstra, Ph.D., court-appointed expert, also interviewed the child, but was unable to verify abuse occurred or the identity of a possible abuser. The guardian ad litem concluded the evidence against Dennis was not compelling and supervised visitation should continue. The other experts involved in the case did not obtain any substantive statements of abuse or whether Dennis was an abuser. Dennis passed a polygraph test in which he denied any sexual abuse of the child.

The trial court reviewed the experts' conclusions and denied Sandra's application for the protection order. Dennis was to continue supervised visitation. The trial court concluded joint and individual counseling of the parties, to resolve their past differences, should be instituted.

The trial court had jurisdiction under Art. VI, § 8, N.D. Const., N.D.C.C. §§ 27–05–06(2) and 14–07.1–02. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–02(3). The appeal is timely under Rule 4(a), N.D.R.App.P.

## II

Sandra sought protection under N.D.C.C. § 14–07.1–02, the domestic violence protection statute. The statute has been liberally construed to protect victims other than adults. Abuse of the complaining adult is only one of the abusive situations protected by the statute. *Lucke v. Lucke,* 300 N.W.2d 231, 234 (N.D.1980). The trial court may restrain any party from threatening, molesting, injuring, or having contact with any other person. N.D.C.C. § 14–07.1–02(4)(a). Thus, the child could be protected under N.D.C.C. § 14–07.1–02, if the requisite showing of abuse was made.

A trial court's determination of abuse under N.D.C.C. § 14–07.1–02 is a finding of fact. *Steckler v. Steckler,* 492 N.W.2d 76, 81 (N.D.1992). We will not overturn findings of fact unless clearly erroneous. *Steckler.* A finding of fact is clearly erroneous if, although there is some evidence to support it, a reviewing court, on the entire record, is left with a definite and firm conviction a mistake has been made. *van Oosting v. van Oosting,* 521 N.W.2d 93, 96 (N.D. 1994).

A protection order is a civil action primarily for injunctive relief. Sandra, as the party requesting the order, has the burden of proving abuse by a preponderance of the evidence. *Steckler* at 80. She argues the trial court applied an incorrect burden of proof to distinguish testimony her expert, Hewitt, made identifying Dennis as a sexual abuser. Sandra notes the trial court's memorandum decision held:

> "Significantly, Dr. Hewitt indicated that: *'In order to document abuse, James will need to repeat his information to another qualified interviewer.'* No other qualified interviewer has confirmed the information given by [the child] to Dr. Hewitt. Even the information given by [the child] to Dr. Hewitt did not specifically identify any details of sexual abuse." (Emphasis in original.)

Sandra argues this statement was made in preparation for criminal prosecution. She claims confirmation of the child's allegations is not necessary in this civil action. Sandra

is correct that a lesser burden of proof, a preponderance of the evidence, is all that is necessary to prove abuse under N.D.C.C. § 14–07.1–02. Sandra incorrectly argues the trial court used Hewitt's statement as a threshold to meet the burden of proof. The quotation merely indicated the weight the trial court placed on the expert testimony of Hewitt. A trial court cannot arbitrarily disregard expert testimony. *Johnson v. Johnson*, 480 N.W.2d 433, 437 (N.D.1992). The trial court can, however, assign the weight to be given it, and does not have to accept an expert's opinion as conclusive. *Johnson* at 437–38. The trial court reviewed all of the testimony and found no other evidence that Dennis abused the child. The court then quoted a portion of Hewitt's testimony to highlight this fact. The quotation is significant both because of Hewitt's caveat, and because no other expert documented abuse.

The trial court applied the correct burden of proof. In its decision, the trial court stated:

> "The burden of proof is on the Applicant to show sexual abuse by a preponderance of the evidence. Although there is probative evidence on both sides of the issue, the Court finds that the evidence is in equipoise or even favoring a determination of no sexual abuse committed by the Respondent."

After assigning weight to each opinion and weighing all the evidence, the trial court concluded the preponderance of the evidence did not establish that Dennis sexually abused the child. The trial court's findings of fact are not clearly erroneous.

### III
The order of the trial court is affirmed.

VANDE WALLE, C.J., and NEWMAN, LEVINE and MESCHKE, JJ., concur.