1999 ND 86

**Michelle R. GREEN, Plaintiff and Appellant,**

v.

**Edward J. GREEN, Defendant and Appellee.**

No. 980321.

Supreme Court of North Dakota.

May 19, 1999.

Daniel J. Chapman, Chapman and Chapman, Bismarck, N.D., for plaintiff and appellant.

Todd D. Kranda, Kelsch, Kelsch, Ruff & Kranda, Mandan, N.D., for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Michelle Green appealed from a divorce judgment, claiming the trial court erred in awarding custody of the parties' minor children to their father, Edward Green. She also claims the court erred in not awarding her spousal support or attorney fees. We hold the trial court committed reversible error when it relied on facts contained in the guardian ad litem's investigative report, which was submitted after the evidentiary hearing, without giving the parties an opportunity to cross-examine the guardian ad litem or persons interviewed by him. We further hold Michelle waived the issue of spousal support and the trial court did not abuse its discretion in refusing to award either party attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

[¶ 2] Michelle and Edward Green were married in 1986. They have two sons age 9 and age 7. In 1996, Michelle filed for a divorce from Edward, alleging irreconcilable differences in the marriage, and requesting custody of the boys. After an evidentiary hearing, the trial court granted Michelle a divorce but awarded custody of the children to Edward, with reasonable visitation for Michelle.

[¶ 3] Michelle asserts the trial court erred in awarding custody to Edward by relying on facts contained in the guardian ad litem's report, without giving Michelle an opportunity to cross-examine the guardian ad litem or persons interviewed by him.

[¶ 4] At the close of the evidentiary hearing, the trial court explained it was going to appoint a guardian ad litem to represent the children's interests:

. Based on the evidence I've heard in the last two and a half days counsel, I've decided that I'm going to issue an order appointing a guardian ad litem with regard to the children. The reason for that is, and don't take my comments to mean that I've made any conclusions at this point, but there is evidence in the record from which I could possibly determine that domestic violence was perpetrated actually by both parties, depending on how I would look at the evidence. There's also evidence in the record of substance abuse, probably more evidence with regard to Ms. Green's substance abuse and possible issues regarding her responsibility. I guess to be very honest, in these cases normally by the completion of evidence, I have I guess what would be called a more or less preliminary or gut feeling as to what I'm going to do. Based on what I've heard, I don't. I'm at a loss, so I think that I need an independent report.

The trial court entered an order appointing a guardian ad litem:

The guardian ad litem is appointed with authority to protect and foster the best interests of the children and obtain information from whatever sources he deems necessary so that he may represent the best interest of the children.

The guardian ad litem shall file a report regarding custody and visitation and other matters relating to the children as soon as possible.

The guardian ad litem gathered information and interviewed numerous persons. He then filed a report recommending the court award custody of the children to Edward.

[¶ 5] On April 1, 1998 the trial court issued findings of fact, conclusions of law, and order for judgment, explaining why the court had decided to award custody to Michelle:

There is credible evidence of domestic violence perpetrated on Michelle by Edward.... The rebuttable presumption that Edward may not be awarded sole or joint custody is created here. There is no evidence that Edward is rehabilitated or has in any way addressed the issues involving domestic violence. In fact, Edward

denies the incidents happened the way Michelle described them. There is not clear and convincing evidence that the best interests of the children require Edward's participation as a custodial parent.

. . . .

Michelle is awarded sole custody of the children. I am unable to find evidence to rebut the presumption of § 14–09–06.2(1)(j), N.D.C.C. Section 14–09–06.2(1)(k), N.D.C.C. creates no presumption, but does require me to consider the presence of other persons in a parents life in determining the best interests and welfare of the children. Mr. Marti's presence disturbs me greatly.[1] The only reason I am not more concerned is there is no evidence Mr. Marti has ever harmed a child.

(Footnote added.)

[¶ 6] Edward filed a motion requesting reconsideration by the court. The court treated the motion as a request for relief from the judgment under N.D.R.Civ.P. 60(b), and in an order, dated April 20, 1998, the court explained it had made a mistake and had decided to award custody to Edward:

I agree that the statement in the guardian ad litem's report that Mr. Marti twisted Kyle's arm should have been given much more weight.

. . . .

I am convinced I made a mistake in applying the evidence. I believe that I let my personal feelings about Edward decide this case rather than the facts and the law. The clear and convincing evidence is that best interests of the children require Edward's participation as a custodial parent. . . .

. . . . There is evidence of physical abuse of Kyle by Mr. Marti. While this may have been an isolated incident, I am unwilling to take the chance that Mr. Marti has simply been on his good behavior while this case is pending. I will not take chances with the physical or emotional health of a child.

[¶ 7] Evidence of domestic violence creates a presumption against awarding custody to the perpetrator of the domestic violence, which can be rebutted only by clear and convincing evidence. *Huesers v. Huesers*, 1997 ND 33, ¶ 7, 560 N.W.2d 219. The trial court initially found Edward committed domestic violence during the marriage, the presumption against awarding custody to Edward was applicable, and there was not clear and convincing evidence to rebut the presumption. In granting Edward's request for reconsideration, the trial court found there was clear and convincing evidence to rebut the presumption and to require that, in the children's best interests, Edward become the custodial parent. Michelle filed a motion for amendment of judgment under N.D.R.Civ.P. 59(j), or, alternatively, for a new trial under N.D.R.Civ.P. 59(a). The trial court denied the motion, and on July 24, 1998 judgment was entered awarding custody to Edward.

[¶ 8] We take no issue with the authority of the trial court to change its position. When the trial court believes the change is warranted, we respect the trial court for its courage in admitting an error was made. But, we do find fault with the procedure used to arrive at that change of position in this case.

[¶ 9] The trial court, in its discretion, under N.D.C.C. § 14–09–06.4, may appoint a guardian ad litem to serve as an advocate of the children's best interests in a divorce action. *See, e.g., Harty v. Harty*, 1998 ND 99, ¶ 4, 578 N.W.2d 519. The court, in its discretion, under N.D.C.C. § 14–09–06.3, may also order an investigation and report concerning custodial arrangements and designate the person to make the investigation. All data and reports relied upon by the investigator must be made available to the parties, and they must be given the opportunity to cross-examine the investigator and any person whom the investigator has consulted:

---

1. Michelle testified she met Richard Marti in August 1996 and at the time of trial the two were living together.

The court shall mail the investigator's report to counsel and to any party not represented by counsel at least thirty days before the hearing. The investigator shall make available to any such counsel or party the complete file of data and reports underlying the investigator's report and the names and addresses of all persons whom the investigator has consulted. A party may call the investigator and any person whom the investigator has consulted for cross-examination at the hearing. A party may not waive the party's right of cross-examination before the hearing. N.D.C.C. § 14–09–06.3(3). When, as here, a guardian ad litem, after gathering information and interviewing persons, files a recommendation and report which in effect is an investigative report, N.D.C.C. § 14–09–06.3(3) applies, and the parties have a right to call the guardian ad litem as a witness and to cross-examine the guardian ad litem with leading questions. *See Alvarez v. Carlson*, 524 N.W.2d 584, 588 (N.D.1994).[2] Under the clear language of the statute, the parties also have the right to call and cross-examine persons consulted by the guardian ad litem while acting as an investigator.

[¶ 10] In granting Edward's motion for reconsideration, the trial court relied on statements in the guardian ad litem's report about Michelle's boyfriend abusing one of the children. In relying on this information, the court treated the guardian ad litem as an investigator, and, therefore, the procedural rights provided under N.D.C.C. § 14–09–06.3 apply. Because the guardian ad litem was appointed after the close of the evidentiary proceedings, his report was not introduced into evidence and neither party was given an opportunity to call or cross-examine him or persons he contacted. One of the fundamental precepts of our judicial system is that the finder of fact must rely only on the evidence presented in court. *McAdams v. McAdams*, 530 N.W.2d 647, 651 (N.D.1995). We hold the trial court committed reversible error when it relied on evidentiary facts in the guardian ad litem's report for purposes of making its custody decision, without allowing the parties an opportunity to call and cross-examine the guardian ad litem or persons contacted by him.

[¶ 11] Michelle complains the trial court did not award spousal support. She concedes, however, she did not request spousal support and did not otherwise raise this issue before the trial court. We have repeatedly held that issues not raised in the trial court cannot be raised for the first time on appeal. *See, e.g., Cermak v. Cermak*, 1997 ND 187, ¶ 15, 569 N.W.2d 280. We conclude Michelle has waived this issue for purposes of this appeal.

[¶ 12] Michelle also asserts the trial court erred in not awarding her attorney fees. The trial court has discretion, under N.D.C.C. § 14–05–23, to award attorney fees in divorce proceedings. We will not disturb the trial court's decision regarding attorney fees unless the complaining party affirmatively establishes the court abused its discretion. *Hogue v. Hogue*, 1998 ND 26, ¶ 29, 574 N.W.2d 579. Michelle's counsel has not demonstrated how the trial court abused its discretion in not awarding either party attorney fees in this case.

[¶ 13] We affirm the trial court's decision not awarding spousal support or attorney fees to either party, but we reverse the custody decision and remand for evidentiary proceedings and a redetermination of custody and, if necessary, child support.

[¶ 14] Affirmed in part, reversed in part, and remanded.

[¶ 15] SANDSTROM, KAPSNER, MARING, and NEUMANN, JJ., concur.

---

**2.** Lawyers who act as both a guardian ad litem and as an investigator should be aware of the conflict if examined by the parties as to statements made to the guardian under an expectation of confidentiality, and advise their clients accordingly. *See* N.D.R. Prof. Conduct 1.6, 2.2, 2.3.