Filed 10/20/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 199

Michael A. Brown, Plaintiff and Appellee

v.

Letitia L. (Tish) Brown, Defendant and Appellant

No. 990070

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James M. Vukelic, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Kent M. Morrow of Severin, Ringsak & Morrow, 411 North Fourth Street, P.O. Box 2155, Bismarck, N.D. 58502-2155, for plaintiff and appellee.

Deborah J. Carpenter of Carpenter Law Offices, 523 North Fourth Street, P.O. Box 2761, Bismarck, N.D. 58502-2761, for defendant and appellant.

Brown v. Brown

No. 990070

Sandstrom, Justice.

[¶1] Letitia Brown appeals from the order of the South Central Judicial District Court denying her motion for a new trial, or in the alternative, for relief from judgment.  She asserts the district court erred in its award of custody of the parties’ son to Michael Brown, its distribution of marital property, and its denial of her post-trial motions and request for stay.  Because the district court’s custody award and marital property distribution were not clearly erroneous, we affirm.

 

I

[¶2] Letitia and Michael Brown were married in 1992 in Bismarck.  One child was born to the marriage in 1994.  Michael Brown filed an action for divorce on January 14, 1998, and filed a motion for an interim order and request for emergency hearing to have Letitia Brown removed from the marital home and to have interim custody placed in him.  The court denied the motion, but ordered Letitia Brown undergo a drug and alcohol evaluation.  Her evaluation showed insufficient evidence to establish she had an alcohol abuse or dependence problem.

[¶3] Both parties were employed outside the home during the course of the marriage, and both are currently employed.  Michael Brown works every other weekend and three evenings each week plus overtime.  He has an associate degree.  Letitia Brown has no education beyond high school.

[¶4] After the birth of the parties’ son, Letitia Brown spent one to two nights per week in bars, sometimes playing in a dart league.  Michael Brown went out to bars one night a week.  In 1996 and 1997, Letitia Brown made monthly weekend trips to Fargo to visit her husband’s sister.

[¶5] Both parties alleged the other had committed domestic violence.  During the marriage, Letitia Brown threw a lamp and a shampoo bottle at Michael Brown.  He testified she punched him in the head on November 15, 1997.  On the same date, Michael Brown reported to the police Letitia Brown had thrown things at him and then pushed him to the ground.  Susan Rau, a licensed domestic violence advocate from the Abused Adult Resource Center, testified about bruises on Letitia Brown’s body, allegedly caused by Michael Brown on November 15, 1997.  In July of 1998, Michael Brown threw a can opener at Letitia Brown’s car while she was in it and their son was nearby.

[¶6] In addition, the district court found Michael Brown called Letitia Brown derogatory names within hearing range of their son.  Michael Brown testified Letitia Brown “trashed” a room in relation to an argument they had.

[¶7] Following trial on October 13, 1998, the district court divided the parties’ marital property, awarded custody of their son to Michael Brown, and denied Letitia Brown’s requests for attorney’s fees and spousal support.  After trial, Letitia Brown brought a motion for a new trial, or in the alternative, for relief from judgment.  She also brought a motion for stay pending resolution of the motions.  The district court granted the stay.  The district court modified its order with respect to a valuation error, and denied the request for change of custody.  Letitia Brown appealed on February 24, 1999, and requested a stay from this Court pending appeal.  This Court remanded the matter to the district court for consideration of the stay, and the district court denied the stay.

[¶8] Letitia Brown’s appeal was timely under N.D.R.App.P. 4(a).  The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

 

II

[¶9] Letitia Brown contends the district court erred in awarding Michael Brown custody of their son.  She argues she should be awarded custody because of Michael Brown’s possible alienation of the child from her, and his acts of domestic violence against her.

[¶10] An award of custody is a finding of fact, and this Court will not disturb a custody award unless it is clearly erroneous.  
Wetzel v. Wetzel
, 1999 ND 29, ¶ 7, 589 N.W.2d 889.  
See
 N.D.R.Civ.P. 52(a).  Under N.D.R.Civ.P. 52(a), a finding of fact is clearly erroneous “only if it is induced by an erroneous view of the law, there is no evidence to support it, or, although there is some evidence to support it, on the entire record we are left with a definite and firm conviction a mistake has been made.”  
Riehl v. Riehl
, 1999 ND 107, ¶ 7, 595 N.W.2d 10; 
McDonough v. Murphy
, 539 N.W.2d 313, 316 (N.D. 1995).

[¶11] Custody decisions are based on the “best interests of the child” standard under N.D.C.C. §§ 14-09-06.1 and 14-09-06.2(1).  
Reeves v. Chepulis
, 1999 ND 63, ¶ 10, 591 N.W.2d 791.  The district court has substantial discretion in making a custody determination, but it must consider all of the factors under N.D.C.C. § 14-09-06.2(1)(a)-(m).  
Id.
 (citing 
Severson v. Hansen
, 529 N.W.2d 167, 168-69 (N.D. 1995)).  A separate finding is not required for each statutory factor, but “the court’s findings should be stated with sufficient specificity so that we can understand the factual basis for its decision.”  
Reeves
, at ¶ 10 (quoting 
Severson
, at 169).

A

[¶12] Both parties alleged the other had committed domestic violence during the marriage.  Letitia Brown argues the presumption against placing custody with the perpetrator of domestic violence was triggered by Michael Brown’s actions, precluding an award of custody to him.  
See
 N.D.C.C. § 14-09-06.2(1)(j).

[¶13] A district court’s evaluation of evidence of domestic violence in a custody decision is governed by subsection (j) of N.D.C.C. § 14-09-06.2(1).  
Reeves
, 1999 ND 63, ¶ 11, 591 N.W.2d 791.  This section was amended in 1993, creating a rebuttable presumption against awarding custody to a parent who had perpetrated domestic violence when the court finds “credible evidence that domestic violence has occurred.”  
Id.
 (quoting 1993 N.D. Sess. Laws ch. 144, § 2).  In 1997, the statute was amended again, raising the level of domestic violence required to trigger the presumption.  
Reeves
, at ¶ 11 (citing 1997 N.D. Sess. Laws ch. 147, § 2).  The presumption is now triggered when the district court finds “credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding.”  
Reeves
, at ¶ 11; 
Dinius v. Dinius
, 1997 ND 115, ¶ 18, 564 N.W.2d 300.

[¶14] When triggered, the presumption prevents the abusive parent from obtaining custody of the child, unless the abusive parent proves “by clear and convincing evidence that the best interests of the child require” the abusive parent to take part in or have custody.  N.D.C.C. § 14-09-06.2(1)(j); 
Zuger v. Zuger
, 1997 ND 97, ¶ 31, 563 N.W.2d 804; 
Engh
, at 924.

[¶15] In this case, the district court made findings on all 13 best-interests-of-the-child factors under § 14-09-06.2(1).  The district court found incidents of domestic violence by both parties, but found a pattern of behavior had not been established, nor were the incidents of sufficient severity to trigger the rebuttable presumption.  Letitia Brown seems to argue on appeal that Michael Brown’s throwing of the can opener at her car triggered the rebuttable presumption against awarding custody to him.  One act of domestic violence can be enough to trigger the statutory presumption, but only when that act causes serious bodily injury.  
See
 
Reeves v. Chepulis
, 1999 ND 63, ¶ 11, 591 N.W.2d 791; N.D.C.C. § 14-09-06.2(j).  The record is devoid of any evidence of a domestic violence incident causing serious bodily injury to either party, or involving the use of a dangerous weapon.  
See
 
Reeves
, at ¶ 11; 
Dinius v. Dinius
, 1997 ND 115, ¶ 18, 564 N.W.2d 300.  The can opener incident caused damage only to the front of the hood of Letitia Brown’s car and did not hit or injure her.  Although Susan Rau testified Letitia Brown claimed her November 15, 1997, bruises were inflicted by Michael Brown, Letitia Brown did not testify about the incident in detail.  On the same day her bruises were allegedly inflicted, Michael Brown called the police and reported Letitia Brown had thrown things at him and had pushed him to the ground.  Neither party argues that either of these November 15, 1997, domestic violence acts resulted in serious bodily injury.

[¶16] Letitia Brown further seems to contend Michael Brown’s acts established a pattern of domestic violence sufficient to trigger the rebuttable presumption against awarding custody to him.  The record also shows Letitia Brown committed acts of domestic violence toward Michael Brown.  The district court found both parties had committed acts of domestic violence, but neither parties’ behavior established a pattern of behavior sufficient to trigger the statutory presumption.  This finding is supported by the record.

[¶17] Evidence of domestic violence that plainly does not trigger the presumption can be considered under the best interest factors contained in N.D.C.C. § 14-09-06.2.  
Reeves
, 1999 ND 63, ¶ 15, 591 N.W.2d 791 (citations omitted).  In this case, the district court considered the evidence of domestic violence and found the incidents did not “weigh more heavily in favor of custody placement with either party.”

[¶18] Letitia Brown also argues Michael Brown was the perpetrator of domestic violence because he called her derogatory names during the marriage.  Domestic violence under our statute does not include name-calling.  
See
 N.D.C.C. § 14-07.1-

01(2).

[¶19] Thus, the district court did not err in finding the rebuttable presumption against awarding custody to a perpetrator of domestic violence was not triggered in this case.

B

[¶20] Letitia Brown further claims the district court erred in awarding custody of the parties’ child to Michael Brown, due to his alienation of their child from her.  Letitia Brown alleges she will foster a relationship between the parties’ son and Michael Brown, but if he has custody, he will alienate the child from her.

[¶21] Evidence of parental alienation is a significant factor in determining custody.  
See
 
Loll v. Loll
, 1997 ND 51, ¶ 16, 561 N.W.2d 625.  A party “who willfully alienates a child from the other parent may not be awarded custody based on that alienation.”  
McAdams v. McAdams
, 530 N.W.2d 647, 650 (N.D. 1995).  Based on the record, there has been no alienation of the child from Letitia Brown.  When asked at trial if he criticizes or condemns Letitia Brown in front of the child, Michael Brown answered, “No, I never would.  That’s not fair to him.”  Moreover, Letitia Brown admitted at trial she had no reason to believe Michael Brown has shown anger toward her in their son’s presence since the parties’ physical separation.  Letitia Brown has not alleged facts indicating alienation has already occurred.  We have not reversed a custody award based solely on the threat of future alienation, and even if the law covered such future action, the facts here do not support a finding such alienation will occur.

[¶22] Letitia Brown further argues she will foster the child’s relationship with Michael Brown’s parents, and her parents fear Michael Brown will withhold visitation from them.  This claim is not supported by the record.  Michael Brown testified he has not done anything in the past to prevent visitation by the child’s maternal grandparents, and would not do so in the future.

 

III

[¶23] Letitia Brown also claims the district court erred in its distribution of marital property.  The court’s valuation and division of property are findings of fact that will not be reversed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a).  
Wilhelm v. Wilhelm
, 1998 ND 140, ¶ 11, 582 N.W.2d 6.  Letitia Brown alleges the district court erred in its distribution of marital property with respect to the valuation of the marital home, its failure to order Michael Brown to sell the property, and its failure to award Letitia Brown spousal support.

A

[¶24] The district court valued the marital home at $40,000, although the actual value of the home was $20,000.  This error was corrected in the court’s order denying Letitia Brown’s motion for a new trial or, in the alternative, relief from judgment, because the court amended the judgment to reflect the correct amount.  Thus, Letitia Brown’s appeal of the district court’s valuation error is moot.

B

[¶25] Letitia Brown was awarded one-half of the parties’ mobile home, their marital home.  On appeal, she contends she is prejudiced by the district court’s failure to order the mobile home sold and proceeds split.  Letitia Brown’s argument is without merit because she agreed Michael Brown would get the marital home.

[¶26] In her answer and affidavit of identification, Letitia Brown asked that the mobile home be sold and the proceeds split between her and Michael Brown.  At trial, however, she testified, “[w]e have agreed that he wants the house.  He can.  He can have the house.”  Additionally, her counsel asked, in reference to the mobile home, “that’s an asset that you feel comfortable to go to him?”  Letitia Brown responded, “Correct.”  Her counsel further confirmed her testimony as follows:

Q: You’re . . . proposing that the Court assess the mobile home debt to Michael?

A: Yes.

Q: Since he will be retaining the mobile home?

A: Yes.

[¶27] In addition, in her post-trial brief, Letitia Brown’s counsel wrote, “[t]he parties have agreed to let Mike have the mobile home, together with any indebtedness, and ask that he refinance it to get [her] name off the loan.”  The district court found “[b]oth parties urged the court to split the real property and mobile home, with its indebtedness, to Michael.”

[¶28] “[W]hen distributing marital property[,] a court should try to disentangle the parties’ financial affairs to reduce further conflict, litigation, and rancor between them.”  
Emter v. Emter
, 1999 ND 102, ¶ 9, 595 N.W.2d 16 (quoting 
Fox v. Fox
, 1999 ND 68, ¶ 17, 592 N.W.2d 541).  Nonetheless, Letitia Brown failed to properly raise this issue at the district court level.  She did not raise it in her N.D.R.Civ.P. 59 and 60 motions for a new trial, or in the alternative, for relief from judgment or order.  Further, she did not request the court order the property sold following its order.

[¶29] Because Letitia Brown agreed Michael Brown would get the mobile home, and because she did not properly raise this issue at the district court level, the district court’s distribution of marital property is affirmed.  Nevertheless, as co-owner of the mobile home, Letitia Brown may be able to force the sale of the mobile home under N.D.C.C. § 32-16-01.  
See
 
Schnell v. Schnell
, 346 N.W.2d 713, 715-16 (N.D. 1984).

C

[¶30] Letitia Brown claims the district court erred in failing to award her spousal support.  A district court’s spousal support determination is treated as a finding of fact that will not be set aside on appeal unless clearly erroneous.  
See
 
Riehl v. Riehl
, 1999 ND 107, ¶ 7, 595 N.W.2d 10; N.D.R.Civ.P. 52(a).

[¶31] She argues the court’s denial of spousal support is clearly erroneous because of the parties’ disparate incomes and the child support obligation she must now pay.  In making spousal support determinations, the 
Ruff-Fischer
 guidelines must be used.  
Riehl
, 1999 ND 107, ¶ 8, 595 N.W.2d 10.  The factors to be considered include:

the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

Id.
  (citations omitted).  Although the district court need not make specific findings as to each factor, this Court must be able to understand the rationale for its decision.  
Id.

[¶32] To be awarded spousal support, the district court must find the requesting spouse to be “disadvantaged.”  
Id.
 at ¶ 9 (citing 
Wiege v. Wiege
, 518 N.W.2d 708, 711 (N.D. 1994)).  A “disadvantaged” spouse is one who has “foregone opportunities or lost advantages as a consequence of the marriage and who has contributed during the marriage to the supporting spouse’s increased earning capacity.”  
Riehl v. Riehl
, 1999 ND 107, ¶ 9, 595 N.W.2d 10.

[¶33] The district court made findings on all of the 
Ruff-Fischer
 guidelines, noting Letitia Brown is 27 years old, is employed, and has no plans to obtain further education.  The district court stated the parties earn about the same amount per hour, but Michael Brown earns at least $10,000 to $20,000 more a year because of his overtime, profit-sharing, and bonus options.  The district court found both parties have an equal station in life.

[¶34] The district court found Letitia Brown did not meet the definition of a spouse disadvantaged by the marriage, and had not demonstrated a need for spousal support.  The district court concluded “[i]t is unlikely [Letitia Brown] will earn as much as Michael.  Because of this, a greater property distribution is awarded to [her].”  Review of the record has not convinced us the district court’s failure to award Letitia Brown spousal support was clearly erroneous.

 

IV

[¶35] Letitia Brown has incurred several thousand dollars in attorney’s fees, some of which she alleges were incurred because of Michael Brown’s failure to comply with N.D.R.Ct. 8.3.  In Letitia Brown’s post-trial motions, she requested partial attorney’s fees because her attorney drafted paperwork Michael Brown allegedly was supposed to complete.

[¶36] The district court has discretion, under N.D.C.C. § 14-05-23, to award attorney’s fees in divorce proceedings.  
Green v. Green
, 1999 ND 86, ¶ 12, 593 N.W.2d 398.  A district court’s decision regarding attorney’s fees will not be overruled unless the complaining party establishes abuse of discretion.  
Hogue v. Hogue
, 1998 ND 26, ¶ 29, 574 N.W.2d 579; 
Lill v. Lill
, 520 N.W.2d 855, 858 (N.D. 1994).  The dominant concern in awarding attorney’s fees is the financial need of the party seeking the award and the other party’s ability to pay.  
Hogue
, at ¶ 30; 
Lill
, at 858.  The fact one party will always make more than the other does not in itself demonstrate need.  
Cermak v. Cermak
, 1997 ND 187, ¶ 20, 569 N.W.2d 280.  In deciding the amount of attorney’s fees to be paid by the opposing party, the district court should consider the property owned by each party as a result of the property division, the relative income, whether the property is liquid or of fixed assets, and whether or not the actions of the parties unreasonably increased the time spent on the case.  
Buchholz v. Buchholz
, 1999 ND 36, ¶ 19, 590 N.W.2d 215.

[¶37] The district court did not make findings specific to Letitia Brown’s attorney’s fees request.  Yet the district court seemed to address several of the above factors elsewhere in its memorandum opinion.  Although the district court’s review of Letitia Brown’s request is far from exemplary, the factors the court examined when analyzing her claim are discernible.  
See
 
Loll v. Loll
, 1997 ND 51, ¶¶ 9-10, 561 N.W.2d 625.  The district court noted “[b]oth parties have accumulated attorney’s fees” and ordered each party to pay his or her own attorney’s fees.  Letitia Brown has not demonstrated how the district court abused its discretion in failing to award her attorney’s fees in this case.  
Green v. Green
, 1999 ND 86, ¶ 12, 593 N.W.2d 398.

 

V

[¶38] The district court’s custody award, its distribution of marital property, and denial of spousal support and attorney’s fees are not clearly erroneous.  Letitia Brown’s other arguments are without merit, and the judgment of the district court is affirmed.

[¶39] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.