2000 ND 57

**John T. GOFF, Plaintiff and Appellant,**

v.

**Vicki J. GOFF, Defendant
and Appellee.**

No. 990311.

Supreme Court of North Dakota.

March 21, 2000.

Jonathan T. Garaas, Garaas Law Firm, Fargo, for plaintiff and appellant.

Wayne T. Anderson, Fargo, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] John Goff appeals from the amended judgment and decree of divorce of the East Central Judicial District Court granting Vicki Goff permission to move out of state with the parties' minor children. We reverse and remand, holding the district court erred in ruling without having provided the parties an opportunity to cross-examine the guardian ad litem.

I

[¶ 2] Vicki and John Goff were married on September 3, 1983, and were divorced on December 8, 1997. The parties have lived in Fargo since 1984. Vicki Goff received physical custody of the parties' two children, and John Goff was awarded extensive visitation.

[¶ 3] On July 17, 1998, Vicki Goff asked the district court for permission to move out of North Dakota with the children. The district court analyzed her request, using the factors set forth in *Stout v. Stout*, 1997 ND 61, ¶ 34, 560 N.W.2d 903. The district court found the first and fourth *Stout* factors to be against the move and denied Vicki Goff's motion. This Court reversed the district court's order, holding the district court's findings on the first and fourth *Stout* factors were based on an erroneous interpretation of the law. *Goff v. Goff*, 1999 ND 95, ¶ 1, 593 N.W.2d 768. *But see id.* at ¶ 27 (Maring, J., concurring and dissenting); *id.* at ¶ 31 (Sandstrom, J., dissenting).

[¶ 4] On remand, the district court reapplied the first *Stout* factor and applied the fourth factor as modified by *Hawkinson v.*

*Hawkinson,* 1999 ND 58, 591 N.W.2d 144. The court made findings on the first and fourth factors, "with additional findings as directed by the Supreme Court." The district court granted Vicki Goff's motion to relocate the children to Michigan and ordered a visitation schedule.

[¶ 5] John Goff timely appealed under N.D.R.App.P. 4(a), arguing the district court erred by failing to provide an opportunity to cross-examine the guardian ad litem, and in allowing the move. The district court had jurisdiction under N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] John Goff argues the district court erred by failing to provide a hearing at which he could cross-examine the guardian ad litem about her report to the court on remand. He argues the district court was required under N.D.C.C. § 14–09–06.3 to hold such a hearing. Section 14–09–06.3(3), N.D.C.C., provides "[a] party may call the investigator and any person whom the investigator has consulted for cross-examination at the hearing. A party may not waive the party's right of cross-examination before the hearing."

[¶ 7] On remand, in its order reappointing the guardian ad litem, the district court stated the hearing had been scheduled for 11:00 a.m. on July 29, 1999, and "the Guardian ad Litem will provide counsel for the parties her written Supplemental Report no later than five days before that hearing." The order further stated, if the guardian ad litem had a conflict with that date "and her testimony is needed, the hearing shall be continued to a later date to accommodate her only." In addition, the order stated "[c]ross examination on the parties' affidavits" would occur on the same date.

[¶ 8] In a July 8, 1999, letter accompanying the district court's order reappointing the guardian ad litem, the district court informed the parties of the reappointment and requested the parties provide supplemental affidavits indicating what had happened in their lives following the December 1997 entry of judgment. The letter stated the order "reflects a hearing date if further hearing is requested by either party." The letter further stated "[s]hould either party request the opportunity to cross-examine *on the affidavit of the other party,* that opportunity will be afforded as indicated in the order re-appointing the guardian ad litem." (Emphasis added).

[¶ 9] The hearing did not take place. In the district court's amended memorandum decision and order, the court stated the parties were "offered the opportunity to cross-examine the affidavits upon request to the court, and a hearing time was set aside for that purpose ... neither requested the opportunity for cross examination."

[¶ 10] When a guardian ad litem "files a recommendation and report which in effect is an investigative report, N.D.C.C. § 14–09–06.3(3) applies, and the parties have a right to call the guardian ad litem as a witness and to cross-examine the guardian ad litem with leading questions." *Green v. Green,* 1999 ND 86, ¶ 9, 593 N.W.2d 398 (citing *Alvarez v. Carlson,* 524 N.W.2d 584, 588 (N.D.1994)). In *Quarne v. Quarne,* a party to a custody dispute was denied an opportunity to cross-examine a doctor who submitted a custody evaluation to the district court. 1999 ND 188, ¶ 5, 601 N.W.2d 256. We held the district court committed reversible error when it relied upon the investigating doctor's report without having given the party the opportunity to review the underlying material or to cross-examine the investigator. *Id.* at ¶ 6.

[¶ 11] The record accurately reflects the district court's statement that neither party requested the cross-examination of the guardian ad litem. However, the order and accompanying letter stated a hearing date and time, indicating a hearing was already scheduled. Based on these documents, it was reasonable for the par-

ties to believe the hearing would be held, as scheduled, without the necessity of any further action. The court's amended memorandum decision and order reflects its use of the guardian ad litem's supplemental report in its decision making. Accordingly, the district court erred in failing to provide the parties the opportunity to cross-examine the guardian ad litem. We do not reach the other issues raised.

### III

[¶ 12] We reverse the district court's amended judgment and decree of divorce granting Vicki Goff permission to relocate to Michigan with the Goff children, and remand for proceedings consistent with this opinion.

[¶ 13]GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.