1999 ND 29

**Clyde C. WETZEL, Plaintiff, Appellee and Cross–Appellant**

**v.**

**Patricia M. WETZEL, Defendant, Appellant and Cross– Appellee.**

**Civil No. 980252**

Supreme Court of North Dakota.

Feb. 23, 1999.

Thomas M. Tuntland, of Tuntland and Hoffman, Mandan, ND, for plaintiff, appellee and cross-appellant.

William D. Schmidt, of Schmitz, Moench & Schmidt, Bismarck, ND, for defendant, appellant and cross-appellee.

KAPSNER, Justice.

[¶ 1.] Patricia Wetzel appealed from a divorce judgment, claiming the trial court erred in awarding child custody, setting the amount of child support, and dividing the marital property. Clyde Wetzel cross-appealed, claiming the trial court erred in dividing the marital property and awarding spousal support. We hold the trial court's award of child custody to Clyde Wetzel, division of the marital property, and award of spousal support are not clearly erroneous. We further hold the court's sixteen-month transition custody placement and award of child support during that transitional period are clearly erroneous. We affirm in part, reverse in part, and remand for a redetermination of the transitional custody placement and child support.

[¶ 2.] The parties met in 1990 and began living together in 1991 at the farmstead of Clyde's parents north of Ashley. In 1994 the parties married and had a daughter, Carly. The marriage irretrievably broke down in September 1996, and Patricia moved to Bismarck with Carly.

[¶ 3.] Clyde filed for divorce in September 1997. Patricia filed an answer and counterclaim for divorce. In an amended judgment, dated June 19, 1998, the trial court awarded both parties a divorce on the grounds of irreconcilable differences. The court awarded custody of Carly to Clyde with liberal visitation for Patricia. The court also set a sixteen-month custody transition period in which each of the parties would have custody of Carly about one-half of the time in two-week intervals. The court ordered Patricia to pay child support of $168 per month, but reduced her child support obligation to $84 per month during the sixteen-month custody transition. The trial court awarded Patricia $50,358.80 of the net marital estate valued at $355,000, and awarded the balance to Clyde. The court also awarded Patricia rehabilitative spousal support of $350 per month for 24 months. Patricia appealed from the judgment and Clyde cross-appealed.

Motion to Dismiss

[¶ 4.] Clyde moved to dismiss Patricia's appeal, asserting she accepted substantial benefits under the judgment and thereby waived her right to appeal from it. The trial court, in dividing the marital estate, awarded Patricia personal property and ordered Clyde to pay Patricia a lump sum of $36,000 in three annual installments. After the judgment was entered, Clyde paid the entire $36,000 to Patricia in one payment. We conclude Patricia's acceptance of the lump sum payment did not, under the circumstances of this case, constitute a waiver of her right to appeal from the judgment.

[¶ 5.] The general rule is that one who accepts a substantial benefit of a divorce judgment waives the right to appeal from the judgment. *See, e.g., Davis v. Davis,* 458 N.W.2d 309, 311 (N.D.1990). This court has sharply limited the rule in domestic cases to promote a strong policy in favor of reaching the merits of an appeal. *Spooner v. Spooner,* 471 N.W.2d 487, 489 (N.D.1991). Before a waiver of the right to appeal can be found, there must be an unconditional, voluntary, and conscious acceptance of a substantial

benefit under the judgment. *Grant v. Grant,* 226 N.W.2d 358, 361 (N.D.1975). The party objecting to the appeal has the burden of showing the benefit accepted by the appealing party is one which the party would not be entitled to without the decree. *Hoge v. Hoge,* 281 N.W.2d 557, 563 (N.D.1979). There must be unusual circumstances, demonstrating prejudice to the movant, or a very clear intent on the part of the appealing party to accept the judgment and waive the right to appeal, to keep this court from reaching the merits of the appeal. *Spooner,* 471 N.W.2d at 490. We find no such circumstances in this case.

[¶ 6.] Clyde voluntarily paid the entire $36,000 lump sum award to Patricia soon after the judgment was entered, even though the trial court had ordered it paid in three annual installments. Under these circumstances, it is inconsistent for Clyde to argue he was prejudiced or Patricia accepted something to which she was not entitled. Generally, acceptance of a property award in a divorce case does not constitute waiver of the right to appeal from the divorce judgment where the accepting party is claiming a right to a larger share of the marital estate. *Sanford v. Sanford,* 295 N.W.2d 139, 142 (N.D. 1980). The trial court found the parties had a net worth of $355,000, but only awarded Patricia about $50,000 or 14 percent of the marital estate. Under these circumstances, we are not convinced her acceptance of that small percentage of the estate demonstrated an intent by her to be bound by the judgment. We hold Patricia did not waive her right to appeal from the judgment, and we deny the motion to dismiss.

### Custody Award

[¶ 7.] Patricia claims the trial court erred in awarding custody of their daughter, Carly, to Clyde. A trial court's determination of child custody is a finding of fact and will not be set aside on appeal under N.D.R.Civ.P. 52(a) unless it is clearly erroneous. *Goter v. Goter,* 1997 ND 28, ¶ 8, 559 N.W.2d 834. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. *Severson v. Hansen,* 529 N.W.2d 167, 168 (N.D.1995).

[¶ 8.] The trial court found both Clyde and Patricia are fit and able parents who genuinely love Carly and have strong emotional ties with her. The court found each parent is genuinely devoted to Carly's health and well-being and each is committed to providing the essentials of life for Carly. The trial court concluded the factor which tipped the scales in favor of placing custody with Clyde was Patricia's inability "to appropriately manage her anger towards other persons." The court was expressly bothered by Patricia's refusal "to recognize the need for anger management and seek professional help" in resolving the problem. The trial court has a difficult choice to make in deciding custody between two fit parents, and in such a case we will not substitute our judgment if the court's determination is supported by evidence. *Hogue v. Hogue,* 1998 ND 26, ¶ 9, 574 N.W.2d 579. The record evidence supports the trial court's custody award.

[¶ 9.] Patricia argues the trial court gave inadequate consideration to the fact Carly has resided with her since the parties separated in 1996. The trial court found each parent has provided daily care for Carly and each has "the support of extended family." Clyde lives on the family farmstead where the parties resided when Carly was born and where Clyde continues farming and ranching. The record evidence shows both parties are capable of providing continuity and stability in Carly's life, and we are not convinced the trial court gave inadequate consideration to this factor. We conclude the trial court's award of custody to Clyde with liberal visitation for Patricia is not clearly erroneous.

### Custody Transition Period

[¶ 10.] The trial court scheduled a sixteen-month custody transition in which

each parent was essentially awarded custody of Carly for one-half of each month. Patricia's child support, which the court calculated to be $168 per month, was reduced to one-half, or $84 per month, during this sixteen-month transition period. Patricia asserts the trial court's child support award during the transition is clearly erroneous. She argues the trial court should have calculated her support during this sixteen-month period in the same manner support is calculated for split custody arrangements by the child support guidelines under N.D. Admin. Code § 75–02–04.1–03.

[¶ 11.] Split custody under the guidelines is defined as a situation in which the parents have more than one child in common and each parent is awarded custody of at least one child. N.D. Admin. Code § 75–02–04.1–01(11). Under the split custody formula, a support amount is determined for the child or children in each parent's custody, and the lesser amount is subtracted from the greater, resulting in the difference being paid by the parent with the greater obligation. Shared custody of one child does not constitute split custody as defined by the child support guidelines, and, consequently, it is inappropriate to use the split formula in a shared custody situation. *See Dalin v. Dalin*, 545 N.W.2d 785, 789 n. 5 (N.D.1996). More importantly, however, we have clearly noted our disfavor with shared custody arrangements in which a child is bandied back and forth between parents. *In Interest of Lukens*, 1998 ND 224, ¶ 15, 587 N.W.2d 141. While a shared custody arrangement is not per se clearly erroneous, the trial court must make specific findings demonstrating shared custody is in the best interests of the child. *Id.*

[¶ 12.] Here, the trial court made no explanation for the shared custody arrangement other than to indicate it was important the custody transition "be accomplished with a minimum of difficulty" and equally important Carly "have frequent contact with both parents due to the child's age." We conclude this explanation is inadequate to support the trial court's shared custody arrangement for a sixteen-month transition period. The trial court can accomplish frequent contact between the child and both parents by awarding custody to one parent with frequent visitations to the other. Furthermore, the trial court could surely accomplish transition of custody from one parent to the other without forcing the child to be shuttled back and forth between the parent's homes once every two weeks for sixteen months.

[¶ 13.] We conclude the trial court's award of shared custody for the sixteen-month transition is clearly erroneous. The trial court, having concluded it is in Carly's best interest to award custody to Clyde, can effect a proper transition by placing custody with Clyde and scheduling frequent liberal visitations for Patricia. Upon remand, the trial court must redetermine the transitional custody arrangement and recompute child support during the transitional period, in accordance with the child support guidelines.[1]

## Property Division

[¶ 14.] The trial court found Clyde entered the marriage with property valued at $330,000 and debt of between $15,000 and $20,000 for rent of real property from his father. The court found Patricia came into the marriage with property valued at about $4,500 and with indebtedness of $7,000. The court determined the net value of the marital estate at the time of the divorce was $355,000. The court awarded Patricia personal property valued at $14,367.80 and a lump sum cash award, payable in three annual installments, of $36,000, for a total award of $50,367.80, or about 14 percent of the total

1. The guidelines contemplate one parent is the custodial parent, who is the primary caregiver for a proportionately greater time than the other parent, and the noncustodial parent pays child support. *Dalin v. Dalin*, 545 N.W.2d 785, 789 (N.D.1996). Using the definitions in N.D.A.C. § 75–02–04.1–01, it is nearly impossible to determine whether Clyde or Patricia is the "custodial parent" for child support purposes during the sixteen-month transition, in which each parent has custody of Carly for basically an equal amount of time.

net marital estate. Clyde received the balance of the marital property. Patricia and Clyde have both appealed from the trial court's property division.

[¶ 15.] Patricia asserts Clyde essentially acquired his assets over a 14–year period and she resided with him for about six years or 43 percent of that time. She argues the court should have awarded her 43 percent of the value of the marital estate. Clyde argues Patricia should have been entitled to only about one-half of the net increase in the value of the parties' assets during the marriage which, according to Clyde's figures, would have resulted in Patricia receiving a total property award of $23,400.

[¶ 16.] Upon granting a divorce, the trial court is required under N.D.C.C. § 14–05–24 to make such equitable distribution of the real and personal property of the parties as may seem just and proper. The trial court's distribution of the marital property is a finding of fact and will not be reversed on appeal unless it is clearly erroneous. *Young v. Young*, 1998 ND 83, ¶ 11, 578 N.W.2d 111. When the parties have lived together and then married, it is appropriate for the court to consider all of the parties' time together in making an equitable distribution of the marital estate. *Nelson v. Nelson*, 1998 ND 176, ¶ 7, 584 N.W.2d 527. There is no rule the trial court must equally divide an increase in the net worth of the parties which occurred during the marriage, but all property, including separate property, is subject to distribution to either spouse when an equitable distribution requires it. *Spooner v. Spooner*, 471 N.W.2d 487, 491 (N.D.1991). In distributing the property in an equitable manner the court should consider the *Ruff–Fischer* guidelines,[2] and duration of the marriage and source of the property are two important considerations under those

guidelines. *See Routledge v. Routledge*, 377 N.W.2d 542, 548 (N.D.1985).

[¶ 17.] The parties lived together for about six years and during that time both contributed to increasing their net worth. The trial court recognized this, but also recognized the marriage was of relatively short duration and Clyde brought considerable assets into the marriage, while Patricia began the marriage with a negative net worth. The court considered these factors in dividing the marital property and explained why it rejected both parties' views of how the property should be split:

> [Clyde] argues to the Court that [Clyde] should retain all property brought to this marriage, and that the Court should only be concerned with an equitable division of the assets acquired during marriage. [Patricia] argues to the Court that an equitable division of the assets of the parties is an equal division of the assets. To adopt the position of [Clyde] would be to impose a prenuptial agreement on the parties which does not exist. To adopt the position of [Patricia] would ignore the substantial estate brought to this marriage by [Clyde], and would ignore the brief term of said marriage.

[¶ 18.] Although there is substantial disparity in the property split, the court's explanation and the underlying circumstances justify the unequal property division. The record evidence supports the trial court's distribution of the marital estate, and we are not left with a definite and firm conviction the trial court made a mistake in dividing the property. We conclude, therefore, the trial court's property division is not clearly erroneous.

### Spousal Support

[¶ 19.] The trial court awarded Patricia rehabilitative spousal support of $350 per

---

2. In awarding spousal support or dividing marital property the court should "consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and from all such elements the court should determine the rights of the parties and all other matters pertaining to the case." *Fischer v. Fischer*, 139 N.W.2d 845, 852 (N.D.1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107, 111 (1952).

month for a period of 24 months. Clyde asserts the court's award of spousal support is clearly erroneous.

[¶ 20.] Upon granting a divorce, the trial court may compel either of the parties to make such suitable allowances to the other for support as the court may deem just. N.D.C.C. § 14–05–24. A trial court's determination on spousal support is a finding of fact and will not be set aside on appeal unless it is clearly erroneous. *Orgaard v. Orgaard*, 1997 ND 34, ¶ 5, 559 N.W.2d 546. While the duration of a marriage is a relevant factor, spousal support may be appropriate regardless of the length of the marriage. *Id.* at ¶ 11. The purpose of rehabilitative spousal support is to provide a disadvantaged spouse the opportunity to become self-supporting through additional training, education, or experience. *Wiege v. Wiege*, 518 N.W.2d 708, 711 (N.D.1994). A relevant factor in setting the amount of support for a disadvantaged spouse is the distribution of marital property and the liquidity or income-producing nature of the property distributed to the disadvantaged spouse. *Id.*

[¶ 21.] The trial court specifically found Patricia was disadvantaged by the divorce and in need of rehabilitative spousal support. While Clyde entered the marriage with a college degree in animal science, Patricia had only a high school diploma and one year of business college. Patricia did not receive additional education during the marriage. After Carly was born, Patricia spent a considerable period of time being a homemaker and caring for Carly rather than advancing her own career. At the time of trial, Patricia was employed as a cook earning approximately $825 per month. While Patricia received some personal property and a $36,000 cash settlement, Clyde received the entire farm and ranch operation, which was the parties' primary income-producing resource during the marriage. Under these circumstances, we are not convinced the trial court's finding Patricia was disadvantaged by the divorce and in need of rehabilitative spousal support was clearly erroneous. Nor are we left with a definite and firm conviction the trial court made a mistake in setting the amount of support at $350 per month for 24 months.

[¶ 22.] The judgment is affirmed in part, reversed in part, and remanded for a redetermination of the transitional custody and child support. Clyde's request for attorney fees is denied.

[¶ 23.] VANDE WALLE, C.J., MARING, NEUMANN and SANDSTROM, JJ., concur.

