1999 ND 191

Mildred G. **PETERSON**, Plaintiff and Appellee,

v.

Howard B. **PETERSON**, Defendant and Appellant.

No. 980352.

Supreme Court of North Dakota.

Oct. 20, 1999.

Howard B. Peterson, pro se (argued), George E. Duis, Fargo, N.D., on brief, for defendant and appellant.

Todd W. Foss of Stefanson, Plambeck & Foss, Moorhead, Minn., for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Howard Peterson appeals from the trial court's divorce judgment, arguing the court's valuation of assets and distribution of property are clearly erroneous. We affirm.

I

[¶ 2] After twenty-eight years of marriage, Mildred Peterson and Howard Peterson divorced on October 5, 1998. Howard Peterson had owned 1,907 acres of South Dakota and Minnesota farmland before his marriage with Mildred Peterson. During their marriage, Howard Peterson's occupation was real estate investment and management.

[¶ 3] A trial was held after which the trial court issued findings of fact, conclusions of law, and order for judgment. The trial court found the marital assets totaled $797,000 and debts totaled $204,368. The parties' equity was $592,632, which was primarily the result of both Mildred Peterson and Howard Peterson's hard work during their marriage. The trial court found Mildred Peterson contributed in excess of $104,000 during the marriage. From 1971 until 1988, Mildred Peterson assisted in the care and cleaning of the real estate investments. She also worked in a chiropractor's office in 1983 and 1984. In 1988, Mildred Peterson began working at MeritCare Medical as a lab technician, retiring from that position in 1993. She then single handedly managed some of the parties' investment properties due to disabilities Howard Peterson had suffered from automobile accidents. Mildred Peterson also performed household and child-care duties throughout the marriage.

[¶ 4] The trial court found Howard Peterson committed marital and economic misconduct. He had extramarital relationships during the marriage and his drinking contributed to several automobile accidents in which he sustained injuries. Howard Peterson committed economic misconduct and wrongful dissipation of marital assets by forging Mildred Peterson's name to a check issued for the sale of their former home and depositing that check into his personal account. In addition, he attempted to transfer assets to his children, without informing Mildred Peterson and against her wishes and; he violated a temporary restraining order prohibiting the disposal, encumbrance, or dissipation of assets by purchasing and selling homes, lending money to his children, and encumbering property. He failed to pay taxes on marital real proper-

ty, he violated an interim order to pay spousal support, and he failed to timely produce documents requested by the trial court and opposing counsel for marital property valuation purposes.

[¶ 5] The trial court entered judgment awarding Mildred Peterson $295,300 in assets consisting of real estate, real estate contracts, a vehicle, cash, and household goods. The court awarded Howard Peterson $490,500 in assets consisting of real estate, real estate contracts, cash, loans receivable, vehicles, a trailer home, life insurance, a travel trailer, and household goods, less $193,168 in debts, for a net award of $297,332. Howard Peterson appeals.

## II

[¶ 6] Under N.D.C.C. § 14–05–24, "[w]hen a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper." A trial court's determinations on valuation and division of property are treated as findings of fact and will be reversed on appeal only if they are clearly erroneous. *Wilhelm v. Wilhelm*, 1998 ND 140, ¶ 11, 582 N.W.2d 6; *Kluck v. Kluck*, 1997 ND 41, ¶ 25, 561 N.W.2d 263. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence this Court is left with a definite and firm conviction a mistake has been made. *Gierke v. Gierke*, 1998 ND 100, ¶ 15, 578 N.W.2d 522. A trial court's findings of fact are presumed to be correct. *In re Estate of Helling*, 510 N.W.2d 595, 597 (N.D.1994).

[¶ 7] In distributing marital property, the trial court must use the guidelines established in *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952), and *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). *Riehl v. Riehl*, 1999 ND 107, ¶ 8, 595 N.W.2d 10. The *Ruff–Fischer* guidelines allow a court to consider a number of factors, including:

[T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Id.*, at ¶ 8.

[¶ 8] Howard Peterson's primary argument is that he brought a substantial amount of real estate into the marriage, and the trial court did not properly consider that pre-marriage ownership under the *Ruff–Fischer* analysis. Most of the real estate Howard Peterson brought into the marriage has now been sold and the proceeds jointly reinvested. "To make an equitable distribution of property under NDCC 14–05–24, the trial court must include in the marital estate all of the parties' assets, regardless of source." *Zuger v. Zuger*, 1997 ND 97, ¶ 8, 563 N.W.2d 804. Whether property was acquired by one spouse before the marriage is a consideration, but not controlling. *Young v. Young*, 1998 ND 83, ¶ 10, 578 N.W.2d 111. A court must also examine other considerations and circumstances when determining the property distribution. *Id.*, at ¶ 10.

[¶ 9] When a spouse's contributions to the family enable the other spouse to devote full time and attention to a business, contributing to the accumulation, appreciation, and preservation of assets, the spouse's contributions deserve equivalent recognition in a property distribution upon a dissolution of the marriage. *Id.*, at ¶ 15 (discussing homemaker contributions). Howard Peterson's only occupation during the marriage was real estate investment and management. Mildred Peterson's substantial contributions enabled him to devote his full time and attention to real estate investment, and were properly rec-

ognized by the trial court. Mildred Peterson's contributions included homemaking and childcare duties, management and care of the parties' real estate properties, and income from her employment at MeritCare Medical and a chiropractor's office. Howard Peterson recognizes Mildred Peterson participated in the renovation, cleaning, and management of a few real estate properties. Additional property distribution considerations include the presence of marital and economic misconduct. *Behm v. Behm*, 427 N.W.2d 332, 337 (N.D.1988). The trial court found Howard Peterson committed marital and economic misconduct. The record supports these findings.

[¶ 10] The trial court awarded the parties nearly equal property awards based on the *Ruff–Fischer* guidelines. Although property acquired by one spouse before the marriage is a consideration, the trial court properly examined other relevant considerations and circumstances. *Young*, at ¶ 10. "It is well-settled in our case law a property division does not need to be equal to be equitable, but a substantial disparity must be explained." *Id.*, at ¶ 11. In this case, the disparity was $2,002 in Howard Peterson's favor; the parties' equity totaled $592,632. The trial court did not err in distributing the marital assets.

### III

[¶ 11] Howard Peterson argues the trial court erroneously valued certain marital assets, primarily two real estate properties owned by the parties.[1] Ordinarily, fair market value is the proper method of valuing marital property in a divorce. *Kaiser v. Kaiser*, 474 N.W.2d 63, 68 (N.D.1991); *Heggen v. Heggen*, 452 N.W.2d 96, 99 (N.D.1990). Howard Peterson contends the trial court erred by considering the properties' contract for deed values.

[¶ 12] A trial court's valuation of property is a finding of fact, "presumptively correct," and subject to the clearly erroneous standard. *Heggen v. Heggen*, 488 N.W.2d 627, 629 (N.D.1992). "The trial court, which had the opportunity to observe the demeanor and credibility of the parties, is in a far better position than an appellate court in ascertaining the true facts regarding the property's value." *Freed v. Freed*, 454 N.W.2d 516, 521 (N.D. 1990). Marital property valuations within the range of the evidence are not clearly erroneous. *Hendrickson v. Hendrickson*, 553 N.W.2d 215, 219 (N.D.1996). The record shows both parties testified on the value of the marital assets and explained their valuations.

[¶ 13] The trial court found the Down Home Steakhouse was worth $85,500 and the 4–Way Cafe was worth $98,000. Howard Peterson contends the steakhouse and cafe are each worth $60,000. Mildred Peterson presented evidence showing the steakhouse had $85,000 owing on its contract for deed. Further, five years earlier, Howard Peterson had listed the steakhouse's worth on a balance sheet as $95,000. Mildred Peterson also presented evidence that the cafe's contract for deed sale price was $115,000, and Howard Peterson had listed the cafe's value as $90,000 on a balance sheet two years earlier.

[¶ 14] A trial court may accept the valuations submitted by one party, or weigh one party's value testimony more heavily. *Braun v. Braun*, 532 N.W.2d 367, 370 (N.D.1995). This record supports the trial court's valuations. The valuations are not clearly erroneous.

### IV

[¶ 15] The trial court valued each item of marital property and made a nearly equal property distribution to the parties. After reviewing the record and all evidence, we

---

1. Howard Peterson also argues the trial court erroneously valued other personal and real property. This Court concludes these valuations are supported by the record.

are not left with a definite and firm conviction the trial court made a mistake in valuing or dividing the marital property. We hold the trial court's property division and valuations are not clearly erroneous. The trial court's judgment is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.

