2000 ND 16

**Nora WEIGEL, Plaintiff and Appellee,**

v.

**Robert WEIGEL, Defendant and Appellant.**

**No. 990277.**

Supreme Court of North Dakota.

Jan. 24, 2000.

William C. Severin of Severin, Ringsak & Morrow, Bismarck, N.D., for defendant and appellant.

Gregory Ian Runge, Bismarck, N.D., for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Robert Weigel appeals from the trial court's judgment of separation, challenging the property distribution, spousal

support award, and attorney fees. We affirm.

[¶ 2] On November 27, 1993, Robert Weigel and Nora Weigel were married. Nora Weigel had three daughters before the marriage and Robert Weigel adopted the youngest. Three months after the marriage, the parties bought a home in Mandan. Sale proceeds from Robert Weigel's prior home in Grand Forks provided the down payment. Because of their religious beliefs, the parties decided Robert Weigel would provide the family's income by working outside the home, and Nora Weigel would be a homemaker and home school the children. Nora Weigel also performed daycare in their home for a short while and enrolled in a massage therapy correspondence course. Nora Weigel now works part time performing janitorial service, earning approximately $65 per month. Robert Weigel has worked at Bridgeman Dairy for sixteen years. His average monthly net income is $2,277.

[¶ 3] Nora Weigel alleges domestic violence began occurring in 1996. In May 1996, Robert Weigel shoved a kitchen table at Nora Weigel, injuring her chest. In September 1996, Robert Weigel pushed Nora Weigel seven to eight feet while she was standing on a chair and removing a light fixture. Nora Weigel filed for separation from bed and board after these incidents. The parties had been married less than three years. At the time of separation, Nora Weigel was thirty-six and Robert Weigel was forty-four. Robert Weigel was ordered to pay $600 per month interim spousal support.

[¶ 4] Their separation action was tried on August 14 and 15, 1997. The trial court found Robert Weigel inflicted domestic violence against Nora Weigel and awarded her custody of the adopted child. Robert Weigel was granted supervised visitation, ordered to pay $427 per month child support, and four years' temporary rehabilitative spousal support of $500 per month. The trial court concluded an equal proper-

ty distribution was proper. The court ordered the parties to sell their home, deduct guardian ad litem fees, and equally divide the net proceeds. Nora Weigel received a 1993 Mercury Tracer and Robert Weigel received all other vehicles. Robert Weigel was ordered to provide the adopted child's medical insurance, but was allowed to claim the adopted child as a tax deduction. The parties were ordered to pay their own attorney fees and costs.

[¶ 5] On February 26, 1998, the trial court issued findings of fact, conclusions of law, and judgment. However, the documents were improperly signed by a judge who had not presided over the trial or certified familiarity with the record under Rule 63, N.D.R.Civ.P. Robert Weigel appealed to this Court, arguing he was denied due process. We reversed and remanded for further proceedings in compliance with Rule 63, N.D.R.Civ.P. *Weigel v. Weigel*, 1999 ND 55, 591 N.W.2d 123. After remand, a newly assigned judge reviewed the record and certified familiarity under Rule 63, N.D.R.Civ.P. Finding it unnecessary to retry the case, the trial court entered judgment on July 29, 1999. The judgment was identical to the earlier February 26, 1998, decision, except it ordered Robert Weigel to pay one-half of Nora Weigel's attorney fees and costs, $443 in monthly child support, and three years of $500 monthly spousal support. Robert Weigel appeals.

[¶ 6] Our standard of review for spousal support and property division awards is well documented in North Dakota case law.

> Property division and spousal support are interrelated, and often must be considered together....

> Determinations of spousal support [and property division] are findings of fact, and the trial court's determination will not be set aside unless it is clearly erroneous. A finding is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to

support a finding, or if, although there is some evidence to support it, on the entire evidence, we are left with a firm conviction a mistake has been made.

When making [ ] spousal support [and property division] determination[s], the trial court must consider the relevant factors under the *Ruff–Fischer* guidelines. Considered under the *Ruff–Fischer* guidelines are: the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. The trial court is not required to make specific findings, but it must specify a rationale for its determination.

*Wilhelm v. Wilhelm,* 1998 ND 140, ¶ 11, 582 N.W.2d 6 (citations omitted).

[¶ 7] Robert Weigel argues the trial court clearly erred by equally dividing the proceeds from the sale of the home, considering the parties were only married three years and the proceeds from selling his prior home in Grand Forks had been used as a down payment. We disagree.

■■■ [¶ 8] To make an equitable distribution of property, the trial court must include all of the parties' assets in the marital estate, regardless of source. *Zuger v. Zuger,* 1997 ND 97, ¶ 8, 563 N.W.2d 804. Whether property was acquired by one spouse before the marriage is only one factor of many to be considered; it is not controlling. *Young v. Young,* 1998 ND 83, ¶ 10, 578 N.W.2d 111. A court must also examine other considerations and circumstances when determining the property distribution. *Id.* at ¶ 10. After considering the *Ruff–Fischer* guidelines, the court found the duration of the marriage factor did not favor either party, but their earn-

ing disparity, and Robert Weigel's violent conduct favored Nora Weigel. None of the factors favored Robert Weigel. Further, the trial court noted the parties had each proposed an equal division of the proceeds. The trial court's conclusion to divide the home sale proceeds equally had evidentiary support, and a review of the record has not left us with a firm conviction a mistake has been made.

[¶ 9] Robert Weigel argues the trial court clearly erred by ordering three years of $500 per month temporary spousal support, when (1) the parties were only married three years, (2) almost three years of $600 per month interim spousal support had already been ordered, and (3) Nora Weigel was not a "disadvantaged spouse." We disagree.

■■■ [¶ 10] While marriage duration is a factor, spousal support is sometimes appropriate even when the duration was short. *Fenske v. Fenske,* 542 N.W.2d 98, 103 (N.D.1996). Courts must still consider the other *Ruff–Fischer* guidelines. *Id.* After citing the *Ruff–Fischer* guidelines, the trial court specifically found:

> [T]o achieve equity in the division of this marital estate, to take into account Robert [Weigel]'s conduct, and to recognize the differences in earning ability between Robert [Weigel] and Nora [Weigel], Robert [Weigel] shall pay spousal support for a period of time....
>
> Under the Amended Interim Order ... Robert [Weigel] was ordered to pay Nora [Weigel] spousal support in the amount of $600 per month "during the pendency of this action".... [S]aid payments have become vested.

Thus, the trial court considered the marriage's duration and the interim spousal support award before making the $500 per month three-year award.

■■■ [¶ 11] The trial court also found Nora Weigel "will be disadvantaged for a period of time as a result of this marriage." Robert Weigel contends Nora

Weigel is not a disadvantaged spouse relying on language in *Brown v. Brown*, 1999 ND 199, 600 N.W.2d 869.

To be awarded spousal support, the district court must find the requesting spouse to be "disadvantaged." [*Riehl v. Riehl*, 1999 ND 107,] ¶ 9 [595 N.W.2d 10] (citing *Wiege v. Wiege*, 518 N.W.2d 708, 711 (N.D.1994)). A "disadvantaged spouse" is one who has "forgone opportunities or lost advantages as a consequence of the marriage and who has contributed during the marriage to the supporting spouse's increased earning capacity." *Riehl v. Riehl*, 1999 ND 107, ¶ 9, 595 N.W.2d 10.

*Brown*, at ¶ 32.

[¶ 12] Robert Weigel argues Nora Weigel is not a disadvantaged spouse because she was not earning an income before the marriage and did not contribute to his earning potential. We disagree.

[¶ 13] The "foregone opportunities" and "lost advantages" referred to in *Brown* and *Riehl* do not occur only when a spouse gives up a job held prior to marriage. Any spouse who remains at home, out of the workforce, in order to maintain a marital residence and act as a homemaker, any parent who remains out of the workforce if only to some degree in order to provide child care, has foregone opportunities and has lost advantages that accrue from work experience and employment history. *Schoenwald v. Schoenwald*, 1999 ND 93, ¶ 11, 593 N.W.2d 350 (caring primarily for the farm and family); *Wetzel v. Wetzel*, 1999 ND 29, ¶ 21, 589 N.W.2d 889 (spending a considerable time as a homemaker and caring for a child rather than advancing her own career); *Wiege*, at 711 (performing homemaking duties allowed little opportunity to advance spouse's education or employment and earning skills); *Bader v. Bader*, 448 N.W.2d 187, 190 (N.D.1989) (becoming a wife and mother instead of pursuing an income-producing career).

[¶ 14] Here, because of their religious beliefs and the parties' agreement concerning marital roles, Nora Weigel devoted her entire time and effort throughout the marriage to maintaining the marital residence, and providing child care and home schooling. Robert Weigel did not support her efforts to earn an income by providing child day care or starting a massage therapist correspondence course. Without question, she has foregone opportunities and lost advantages. Nora Weigel's contributions also enabled Robert Weigel to devote his full time and attention to work, adding to the family's accumulation. *See Kautzman v. Kautzman*, 1998 ND 192, ¶ 11, 585 N.W.2d 561. Throughout the marriage, Robert Weigel was pursuing his occupation at Bridgeman Dairy and increasing his pension, which he was awarded. The trial court's conclusion that Nora Weigel is a disadvantaged spouse and entitled to $500 per month spousal support for three years had evidentiary support. Review of the record has not left us with a firm conviction a mistake has been made.

[¶ 15] Robert Weigel also argues the trial court abused its discretion by awarding Nora Weigel one-half of her attorney fees and costs because an amended interim order provided each party was responsible for their own attorney fees and costs.

[¶ 16] An amended interim order is not a final judgment and, therefore, is subject to revision at any time before entry of final judgment. Rule 54(b), N.D.R.Civ.P. An award of attorney fees is within the sound discretion of the trial court and will not be set aside absent an abuse of discretion. *Kautzman*, at ¶ 32. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when its decision is not the product of rational mental process. *Id.* at ¶ 32. In deciding whether to award attorney fees in a divorce action, the trial court must balance one party's needs against the other party's ability to pay. *Id.* at ¶ 32. Considering Nora Weigel and Robert Weigel's disparity in earnings, the trial court did not act in an arbitrary,

unreasonable, or unconscionable manner. The trial court did not abuse its discretion by awarding Nora Weigel one-half of her attorney fees.

[¶ 17] The trial court's judgment is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER and MARY MUEHLEN MARING, JJ., and EVERETT NELS OLSON, D.J., concur.

[¶ 19] EVERETT NELS OLSON, D.J., sitting in place of SANDSTROM, J., disqualified.