Filed 1/30/01 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2001 ND 6

Lisa M. Reiser, Plaintiff and Appellee

v.

Jeffrey J. Reiser, Defendant and Appellant

No. 20000194

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by VandeWalle, Chief Justice.

Brenda A. Neubauer, Neubauer & Oster, P.O. Box 1015, Bismarck, N.D. 58502-1015, for plaintiff and appellee.

Maury C. Thompson, Christensen & Thompson, P.O. Box 1771, Bismarck, N.D. 58502-1771, for defendant and appellant.

Reiser v. Reiser

No. 20000194

VandeWalle, Chief Justice.

[¶1] Jeffrey J. Reiser appealed from a divorce decree, claiming the trial court’s property division is clearly erroneous and the court erred in awarding Lisa M. Reiser attorney fees.  We affirm the trial court’s division of the marital property, but we reverse the award of attorney fees.

I

[¶2] Jeffrey and Lisa Reiser were married in October 1995.  They have no children of their marriage, but they resided together during the marriage on a farm near Turtle Lake with one of Lisa’s daughters born to her of a prior marriage.  Problems soon developed in the marriage, and the parties have lived separately at various times since November 1997, when Lisa moved from the farm to Bismarck.  Lisa filed for divorce, and, after a bench trial, the court awarded the parties a divorce on the grounds of irreconcilable differences and divided the marital property. 

II

[¶3] Jeffrey asserts the trial court’s division of the marital property is clearly erroneous.  He contends the trial court did not appropriately consider all relevant factors and placed too much weight on Jeffrey’s fault in causing the breakdown of the marriage.  

[¶4] Upon granting a divorce, the trial court is required under N.D.C.C. § 14-05-24 to make such equitable distribution of the real and personal property of the parties as may seem just and proper.  The trial court’s distribution of the marital property is a finding of fact and will not be reversed on appeal unless it is clearly erroneous.  
Wetzel v. Wetzel
, 1999 ND 29, ¶ 16, 589 N.W.2d 889.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence this Court is left with a definite and firm conviction a mistake has been made.  
Peterson v. Peterson
, 1999 ND 191, ¶ 6, 600 N.W.2d 851.  

[¶5] In distributing the marital property, the trial court must use the guidelines established in 
Ruff v. Ruff
, 78 N.D. 775, 52 N.W.2d 107, 111 (1952) and 
Fischer v. Fischer
, 139 N.W.2d 845, 852 (N.D. 1966), wherein:

[T]he court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and from all such elements the court should determine the rights of the parties and all other matters pertaining to the case.

[¶6] Jeffrey is 45 years old and in good health.  He completed an electrician program at a trade school and is employed at the Falkirk Mine, where he earns an income of about $50,000 per year.  Lisa is 33 years old and in good health.  She has a two-year medical secretary degree and has also completed some legal secretary courses.  She is employed as a medical transcriptionist at St. Alexius Medical Center and earns slightly more than $60,000 per year.  

[¶7] Jeffrey and Lisa executed a premarital agreement on the day they married.  This agreement listed specific property which was brought into the marriage by each party and was to remain the property of that party in the event of a subsequent divorce between them.  The trial court concluded it was a voluntary and valid agreement under the provisions of N.D.C.C. ch. 14-03.1.  The trial court applied the premarital agreement and awarded to each party the property granted to that party under the agreement.  In accordance with the premarital agreement, Jeffrey retained the farmstead and farmland valued at about $120,250, the premarital value of his retirement account of $86,250, and farm equipment and other property totaling $23,000.  Lisa retained under the agreement a car, some household items, and her employee retirement plan.  The trial court also divided the marital estate, awarding property to Lisa valued at $139,226.99 and awarding property to Jeffrey valued at $141,278.25.  

[¶8] In dividing the property the trial court made the following relevant findings of fact, which are supported by the record evidence: 

Here, Lisa is 33 years old.  Jeffrey is 45 years old.  Both are in good health. Both have good jobs that should continue.  Lisa makes more money than Jeffrey.  The marriage was of relatively short duration, with the parties being married in October 1995 and separating for good in August 1999.  Lisa brought little property into the marriage, as evidenced by the premarital agreement.  She had little debt as she had gone through bankruptcy in 1992.  Jeffrey had considerable property at the time of the marriage.  However, most was kept out of the marital estate by the premarital agreement.  Jeffrey had considerable debt resulting from his two previous divorces.  The manufactured home is the parties’ main asset, and it was bought during the marriage.  Each contributed to the purchase of the home.  During the marriage, Jeffrey gave Lisa $500 to $550 per month.  She paid all the parties’ bills with this and money she earned.  During the marriage Jeffrey borrowed more than $28,000 from his retirement account and took out a $10,000 agriculture loan. $12,000 of the $28,000 went to pay off one of Jeffrey’s divorce judgments.  The remaining money went to other bills Jeffrey owed.  During the marriage, Jeffrey was able to replenish his retirement account because Lisa paid most of the bills with her earnings, less the $500 or $550 contributed by Jeffrey each month. . . .

Jeffrey abused Lisa mentally and physically throughout their relationship, including during the marriage. . . .

The most significant factors governing property distribution here are the length of the marriage, the property each brought into and contributed to the marriage, the parties’ present earning ability, and Jeffrey’s conduct during the marriage.

[¶9] Jeffrey asserts he should have been awarded his entire retirement account, because a significant part of the marital estate is the increased value of that account, and it increased in value during the marriage primarily from Jeffrey’s efforts of making deposits and of wisely investing the money.  He also contends the trial court placed too much emphasis on fault as a factor in dividing the marital property and did not give sufficient consideration to the short duration of the marriage.  Lisa contends the trial court’s division, which was a nearly equal division of the marital estate, was equitable and is not clearly erroneous. 

[¶10] In divorce cases involving division of property, the courts generally start with the view that marital property should be equally divided, and although the division need not be exactly equal to be equitable, the trial court must explain any substantial disparity.  
Schoenwald v. Schoenwald
, 1999 ND 93, ¶ 23, 593 N.W.2d 350.  The trial court’s division of the marital property in this case is a nearly equal division.  We do not agree the trial court improperly weighed the relevant factors.  

[¶11] The trial court enforced the premarital agreement which set aside for each party the value of the property owned by that party on the date of the marriage.  That agreement specifically reserved for Jeffrey his savings retirement plan “as of 10-05-

95.”  The trial court, correctly applying this agreement, awarded Jeffrey the value of the retirement account on that date but included the increase in its value during the marriage as part of the marital estate to be divided between the parties.  Although Jeffrey contends the increased value of the account was largely through his efforts, the trial court recognized Lisa paid most of the living expenses of the family unit, thereby allowing Jeffrey to retire debt and to increase deposits to the retirement account.  When a spouse’s contributions to the family allow the other spouse to accumulate and preserve assets, those contributions deserve equivalent recognition in a property distribution upon a dissolution of the marriage.  
See
 
Peterson v. Peterson
, 1999 ND 191, ¶ 9, 600 N.W.2d 851.  

[¶12] Jeffrey also contends the trial court placed too much emphasis on Jeffrey’s  fault in causing the marriage to deteriorate.  The record evidence of Jeffrey’s abuse toward Lisa is substantial and supports the trial court’s finding that “Jeffrey’s conduct during the marriage” is among “[t]he most significant factors” governing property distribution in this case.  This Court has long recognized that non-economic fault, as well as economic fault, is a proper factor for the court to consider in dividing marital property.  
Pfliger v. Pfliger
, 461 N.W.2d 432, 436 (N.D. 1990).  We are not persuaded the trial court gave undue consideration to this factor.  

[¶13] There are no set rules for distribution of marital property, because what is equitable depends upon the circumstances in a particular case.  
Linn v. Linn
, 370 N.W.2d 536, 541 (N.D. 1985).  Having reviewed this record, we are convinced the trial court conscientiously applied the 
Ruff-Fischer
 guidelines and gave appropriate consideration to the relevant factors in dividing the marital property.  On the entire record evidence, we are not left with a definite and firm conviction a mistake has been made, and we therefore conclude the trial court’s division of the marital property is not clearly erroneous. 

III

[¶14] The trial court awarded Lisa attorney fees in the amount of $7,544.70.  Jeffrey asserts Lisa should be required to pay her own attorney fees, because Lisa has a greater income than Jeffrey.  Lisa contends the award of attorney fees is appropriate, because Jeffrey’s conduct and failure to cooperate increased the degree of litigation required in this case, resulting in Lisa incurring higher attorney fees.  

[¶15] The district court has discretion under N.D.C.C. § 14-05-23, to award attorney fees in divorce proceedings.  
Brown v. Brown
, 1999 ND 199, ¶ 36, 600 N.W.2d 869.  An award of attorney fees is within the sound discretion of the trial court and will not be set aside on appeal absent an abuse of discretion.  
Weigel v. Weigel
, 2000 ND 16, ¶ 16, 604 N.W.2d 462.  In deciding whether to award attorney fees in a divorce action, the trial court must balance one parties’ needs against the other parties’ ability to pay.  
Id.
  The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case.  
Myers v. Myers
, 1999 ND 194, ¶ 13, 601 N.W.2d 264.  An award of attorney fees requires specific findings supported by evidence of the parties’ financial conditions and needs.  
Whitmire v. Whitmire
, 1999 ND 56, ¶ 14, 591 N.W.2d 126.  

[¶16] In awarding attorney fees to Lisa the trial court made only the following cursory finding:

Jeffrey will pay Lisa’s attorney’s fees due to the fact that his behavior was the most significant factor that caused the divorce.

Fault is a consideration in awarding attorney fees only to the extent that one party has unreasonably escalated the fees.  
Foreng v. Foreng
, 509 N.W.2d 38, 41 (N.D. 1993).  This Court has not applied general fault in the marriage as a relevant factor in the decision whether to award attorney fees.  Lisa has not presented a persuasive reason to do so in this case.  Although Lisa asserts Jeffrey’s conduct unreasonably escalated her attorney fees, the trial court made no such finding.

[¶17] Lisa’s current income is greater than Jeffrey’s income.  The trial court found Lisa earns slightly more than $60,000 per year as a medical transcriptionist while Jeffrey earns about $50,000 per year as a mining employee.  The parties were awarded approximately equal shares of the marital estate, and Lisa’s award included a $30,000 cash payment to her from Jeffrey, to be made in six $5,000 annual installments.  There is no finding by the trial court that Lisa has a need for the attorney fees award, and the record evidence would not support such a finding.  Under these circumstances, we conclude the trial court abused its discretion in awarding attorney fees to Lisa.

[¶18] The judgment of the district court, including the division of the marital estate, is affirmed, except for the award of attorney fees to Lisa, which we reverse.  

[¶19] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Carol Ronning Kapsner

William A. Neumann

Maring, Justice, concurring in part and dissenting in part.

[¶20] I concur with parts I and II of the majority opinion.  Moreover, I concur with Part III of the majority opinion to the extent it concludes the trial court applied an erroneous view of the law in determining the award of attorney fees.  I must respectfully dissent, however, because I would remand the issue of attorney fees to the trial court for a correct application of the law.

[¶21] A trial court’s decision regarding an award of attorney fees will not be disturbed unless it is established the court abused its discretion.  
Weigel v. Weigel
, 2000 ND 16, ¶ 16, 604 N.W.2d 462.  A trial court abuses its discretion when it misinterprets or misapplies the law.  
Heller v. Heller
, 367 N.W.2d 179, 184 (N.D. 1985).  The principle considerations in determining whether to award attorney fees in a divorce action are one spouse’s ability to pay and the other spouse’s needs.  
Kjonaas v. Kjonaas
, 1999 ND 50, ¶ 17, 590 N.W.2d 440.  The trial court may further consider 
whether one party’s conduct has unreasonably increased the time spent on the case
.  
Id.
 

[¶22] The trial court’s explanation for its decision to award attorney fees rests exclusively on Jeffrey’s behavior during the divorce.  As the majority indicated, general fault during the marriage is not a relevant consideration in the decision to award attorney fees.  Because the trial court based its decision on an improper criterion, I would remand for it to apply the correct criterion.  

[¶23] Lisa never argued she had a need for the attorney fees award.  She, however, did argue there was evidence Jeffrey unreasonably escalated the cost of the litigation.  During trial, Lisa testified Jeffrey failed to cooperate in preparing the N.D.R.Ct. 8.3 property and debt statement.  Specifically, Lisa stated Jeffery did not include certain property in the Rule 8.3 statement.  Jeffrey’s failure to cooperate in preparing the Rule 8.3 statement caused Lisa to introduce evidence at trial detailing that property he  excluded from the statement.  Lisa also obtained an Interim Order prohibiting Jeffrey from contacting her, and he violated the Order on at least two occasions.  In light of such evidence, the trial court should be provided the opportunity to address the issue regarding an award of attorney fees to the extent Jeffrey’s actions may have unreasonably increased the time and effort spent on the litigation.  
Kautzman v. Kautzman
, 1998 ND 192, ¶ 36, 585 N.W.2d 561.    

[¶24] I would, therefore, remand and direct the trial court to apply the correct law in its determination of the award of attorney fees.  

[¶25] Mary Muehlen Maring