2006 ND 161

**Jolene Corrinne LAUTT (nee Walth), Plaintiff and Appellant**

v.

**Jeffrey Arnold LAUTT, Defendant and Appellee.**

**No. 20050373.**

Supreme Court of North Dakota.

July 18, 2006.

Samuel S. Johnson, Johnson Law Office, Ltd., Wahpeton, ND, for plaintiff and appellant.

Donavin L. Grenz, Linton, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Jolene Corrinne Lautt appeals from a district court judgment reducing Jeffrey Arnold Lautt's child support obligation and ordering him to pay a portion of her attorney fees. We reverse and remand, concluding the district court used an incorrect effective date for the modification of the child support modification and failed to make findings regarding the attorney fees award.

I

[¶ 2] This appeal involves modification of a child support award originally incorporated into Jeffrey and Jolene's July 7, 2003 divorce judgment. That judgment ordered Jeffrey to pay $600 in monthly child support.

[¶ 3] Child support was temporarily terminated in late 2003 by court order during an attempted reconciliation between the parties. Reconciliation failed and the parties began a heated exchange of motions. Jolene obtained a domestic violence protection order and an order compelling Jeffrey to resume child support payments. The district court issued a letter order requiring a specific drop-off point for visitation and requiring Jeffrey's abstention from alcohol prior to visitation. Jeffrey responded with a motion to modify the judgment and protection order and to hold Jolene in contempt. Jolene next moved for an increase in child support.

[¶ 4] The district court heard all outstanding motions on February 23, 2005. Each party argued he or she should have custody of the children. The parties also introduced evidence of their financial statuses, revealing Jeffrey's 2004 income was approximately $41,000 and Jolene shared a $71,000 annual cleaning contract with another individual. The court ordered Jolene to produce the parties' 2000, 2001, and 2002 joint tax returns, but barred any other evidence of Jolene's income.

[¶ 5] Following the hearing, the district court issued several "letter orders" directing, among other things, that Jeffrey pay $500 in Jolene's attorney fees, undergo chemical dependency and psychiatric evaluations, and supply the 2000, 2001, and 2002 tax returns. Because the child support issue remained undecided, the parties continued to present the district court with letters containing arguments of additional factors or changed circumstances. This "litigation by letter" procedure gave neither party the opportunity to object to evidence, cross-examine witnesses, or utilize other safeguards contemplated by the North Dakota rules applicable to court proceedings, including the Rules of Civil Procedure, Rules of Evidence, and Rules of Court.

[¶ 6] In April 2005, Jeffrey was arrested on drug charges and his employment was terminated as a result. He secured a new job at less than half his previous wage. In August 2005, Jeffrey notified the court of his change in employment via personal affidavit but failed to provide pay stubs or other evidence of the changed income. In October 2005, the district court issued its order granting motions to amend judgment in part and denying motions to amend judgment in part. The court's order was issued nine months after Jolene's initial motion and eight months after the hearing. Relevant portions of the court's order set Jeffrey's monthly child support obligation at $356 per month effective September 1, 2005, and ordered

Jeffrey to pay $500 of Jolene's attorney fees.

## II

[¶ 7] The standards of review used in child support determinations vary, depending on the issue appealed. *Oien v. Oien*, 2005 ND 205, ¶ 8, 706 N.W.2d 81. This Court applies a de novo standard to questions of law, a clearly erroneous standard to questions of fact, and an abuse of discretion standard to discretionary matters. *Id.* As a matter of law, a district court is required to comply with the child support guidelines, *Kobs v. Jacobson*, 2005 ND 222, ¶ 7, 707 N.W.2d 803, and set forth how it assessed the amount of income and determined the level of support. *Buchholz v. Buchholz*, 1999 ND 36, ¶ 12, 590 N.W.2d 215.

[¶ 8] Jolene argues the district court erred in both calculating Jeffrey's child support obligation and in setting the commencement date for the child support modification. She argues the child support modification should have been made effective on the date of her motion, January 12, 2005, rather than on the date selected by the district court, September 1, 2005. We agree.

[¶ 9] "The amount of child support is set from the date of the motion to modify, absent a good reason for not doing so." *McDowell v. McDowell*, 2003 ND 174, ¶ 28, 670 N.W.2d 876 (citing *Geinert v. Geinert*, 2002 ND 135, ¶ 10, 649 N.W.2d 237). Here, Jolene moved for an increase in child support on January 12, 2005. The district court made the change effective September 1, 2005, without providing any support for this date. We conclude this was error.

[¶ 10] We do not reach whether Jeffrey's firing is a "voluntary change in employment" as envisioned under the Administrative Code. The district court erred in its failure to close the record and address Jolene's child support modification motion. Any changed circumstances following the hearing on Jolene's motion should not have affected the district court's ruling on that motion. Rather, proper motion practice—rather than months of letters—should have been used to address the later changes such as Jeffrey's change in employment.

## III

[¶ 11] The district court ordered Jeffrey to pay $500 of Jolene's estimated $5000 attorney fees. Section 14–05–23, N.D.C.C., allows the award of attorney fees in child support modification proceedings. *Pitsenbarger v. Pitsenbarger*, 382 N.W.2d 662, 666 (N.D.1986). An attorney fee award in such a proceeding is within the discretion of the district court and is not disturbed on appeal absent abuse of that discretion. *Reiser v. Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348. In awarding attorney fees, the district court must balance one party's need against the other party's ability to pay and make specific findings supported by evidence of each party's financial condition and needs. *Id.*

[¶ 12] Jolene argues her award of attorney fees was inadequate, taking into account each party's financial situation at the time of Jolene's request. Jeffrey argues any award was improper because Jolene was in a financially superior position. This record does not allow the review of those positions because the district court erred by failing to make specific findings in its award. *Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348. Therefore, we remand for a reevaluation of the evidence on the record and order the attorney fee award, if any, be supported by specific findings.

## IV

[¶ 13] We therefore reverse and remand the judgment of the district court.

[¶ 14] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.