2010 ND 119

**Clarice A. BRUMMUND, Plaintiff and Appellant**

v.

**Carlton D. BRUMMUND, Defendant and Appellee.**

No. 20090219.

Supreme Court of North Dakota.

June 30, 2010.

Patti Jo Jensen (on brief), East Grand Forks, MN, for plaintiff and appellant.

Erin Ann Muldoon Haug (on brief), West Fargo, N.D., for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Clarice Brummund appealed from a district court judgment granting a divorce, dividing the marital property and awarding her spousal support. We affirm, concluding the district court did not err in holding the parties' premarital agreement applied to the appreciation in value of Carlton Brummund's separately owned farmland.

I

[¶ 2] Prior to their marriage in 1994, Clarice and Carlton Brummund signed a

premarital agreement. The agreement provided that "neither party, by virtue of the marriage, shall have, or acquire, any right, title or claim in and to the real or personal estate of the other, except as provided in Sections Three and Four, above." The agreement included an extensive listing of the property brought into the marriage by each party, with the value of each item also listed, and designated the listings as the "separate property" of each. Included in Carlton Brummund's property listing was farmland in Dickey County valued at $449,523.

[¶ 3] Clarice Brummund brought this divorce action in 2007, and the parties agreed to bifurcate the issue of the interpretation of the premarital agreement. The primary dispute was whether the agreement applied to the appreciation in value of Carlton Brummund's farmland during the duration of the marriage. Following a hearing, the district court concluded that the premarital agreement was unambiguous and applied to the appreciation in value of the farmland. Judgment was entered ordering that "the parties may maintain their own, separate property as set forth in the unambiguous language of" the premarital agreement. The district court certified the judgment as final under N.D.R.Civ.P. 54(b), and Clarice Brummund appealed. We concluded the Rule 54(b) certification had been improvidently granted and dismissed the appeal. *See Brummund v. Brummund,* 2008 ND 224, 758 N.W.2d 735.

[¶ 4] After trial on the remaining issues, the district court granted the divorce, divided the marital property and awarded Clarice Brummund spousal support. In addition to receiving her separate property under the premarital agreement, Clarice Brummund was awarded property valued at $378,179.04, representing one-half of the net marital property of $756,358.07, and was awarded permanent spousal support of $1,000 per month. Clarice Brummund appealed from the judgment.

II

[¶ 5] The sole issue presented on appeal is whether the district court erred in concluding that the parties' premarital agreement applied to the appreciation in value of Carlton Brummund's separate real property listed in the premarital agreement.

[¶ 6] Under the Uniform Premarital Agreement Act, N.D.C.C. ch. 14–03.1, parties may contract to the disposition of property upon divorce. Specifically, parties are allowed to agree to "[t]he rights and obligations of each of the parties in any of the property of either or both of them whenever and wherever acquired or located" and to "[t]he disposition of property upon separation, marital dissolution, death, or the occurrence or nonoccurrence of any other event." N.D.C.C. § 14–03.1–03(1)(a) and (c). "A premarital agreement is a contract, and its interpretation is a question of law, which this Court reviews de novo on the entire record." *Tweeten v. Tweeten,* 2009 ND 164, ¶ 11, 772 N.W.2d 595; *see also Jangula v. Jangula,* 2005 ND 203, ¶ 9, 706 N.W.2d 85; *Rhodes v. Rhodes,* 2005 ND 38, ¶ 3, 692 N.W.2d 157. "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible." N.D.C.C. § 9–07–04; *see Binek v. Binek,* 2004 ND 5, ¶ 13, 673 N.W.2d 594. "Extrinsic evidence is properly considered only if the language of the agreement is ambiguous and the parties' intentions cannot be determined from the writing alone," *Binek,* at ¶ 13 (quoting *Miller v. Schwartz,* 354 N.W.2d 685, 689 (N.D.1984)), or if the premarital agreement "does not reflect a spouse's intent because of fraud, mistake, or accident." *Rhodes,* at ¶ 3.

[¶ 7] Clarice Brummund contends that appreciation of premarital property is marital property subject to equitable distribution upon divorce, citing *Buzick v. Buzick*, 542 N.W.2d 756, 759 (N.D.1996). We agree that, in the absence of a premarital agreement, all of the property owned by the parties, including premarital "separate" property and appreciation in value of premarital property, must be included in the marital estate and equitably divided by the trial court. *See, e.g., Hitz v. Hitz*, 2008 ND 58, ¶ 14, 746 N.W.2d 732; *Wilhelm v. Wilhelm*, 1998 ND 140, ¶ 18, 582 N.W.2d 6. Thus, if there was no premarital agreement, the entire value of the disputed farmland would be considered marital property subject to equitable distribution. Under N.D.C.C. § 14–03.1–03(1)(a) and (c), however, the parties may contract with respect to their rights in "the property of either or both of them whenever and wherever acquired," and may specify the "disposition of property upon … marital dissolution." This includes property which otherwise would be considered part of the marital estate and subject to equitable distribution.

[¶ 8] In the Brummunds' premarital agreement, the parties expressly waived any rights in each other's property created "by virtue of the marriage":

> "Except as otherwise provided in Sections Three and Four, neither party, by virtue of the marriage, shall have, or acquire, any right, title or claim in and to the real or personal estate of the other, except as provided in Sections Three and Four, above."

The premarital agreement also included property listings for both parties, identifying the property each brought into the marriage and designating this as the "separate property" of each.

[¶ 9] Clarice Brummund contends that, because the language of the agreement does not specifically refer to the distribution of property upon divorce, the waiver clause is inapplicable and the parties' property should be equitably distributed under general North Dakota divorce law. Interpreting a similar waiver clause in a premarital agreement in *Binek*, this Court held the premarital agreement was not ambiguous and released all rights arising out of the marriage, including rights in property acquired as a result of property distribution in a divorce:

> "The agreement provided:
>
> > "Ruth Mayer hereby releases all rights in the property or estate of Theodore J. Binek which she might have by reason of their marriage, whether by way of dower, statutory allowance, widow's allowance, intestate share, or election to take against his will, under the laws of this or any other jurisdiction that may be applicable, and with particular reference to Section 30.1–05–04, North Dakota Century Code, as amended.
>
> "Theodore Binek released the same rights in Ruth Binek's property. This language is not ambiguous. Ruth Binek released all rights she had in Theodore Binek's property which arose out of the marriage. Any rights in the property she would acquire as a result of a property settlement upon divorce would be rights arising out of the marriage. Therefore, the agreement applies to property rights Ruth Binek may have acquired from a divorce decree."

2004 ND 5, ¶ 14, 673 N.W.2d 594.

[¶ 10] The agreement in this case similarly provides that neither party "shall have, or acquire, any right, title or claim" to the other's separate real or personal property "by virtue of the marriage." Thus, under *Binek*, the waiver of property rights applies even though the waiver pro-

vision in the premarital agreement does not expressly mention divorce.

[¶ 11] Citing *Reiser v. Reiser*, 2001 ND 6, 621 N.W.2d 348, Clarice Brummund argues the increase in value of a premarital asset awarded to a party under a premarital agreement is part of the marital estate subject to equitable distribution. The dispute in *Reiser* centered upon whether a premarital agreement applied to the increase in value of the husband's savings retirement plan. In concluding the premarital agreement did not apply to the increase in value, the court expressly relied upon two factors that are not present in this case. First, the court noted the premarital agreement "specifically reserved for Jeffrey his savings retirement plan 'as of 10–05–95.'" *Id.* at ¶ 11. Thus, the premarital agreement in *Reiser* expressly reserved as separate property the value of the savings retirement account as of a specified date. Furthermore, the court noted the substantial increase in value of the husband's retirement account during the marriage was made possible largely through the efforts of the wife, who paid most of the living expenses of the family:

> "Although Jeffrey contends the increased value of the account was largely through his efforts, the trial court recognized Lisa paid most of the living expenses of the family unit, thereby allowing Jeffrey to retire debt and to increase deposits to the retirement account. When a spouse's contributions to the family allow the other spouse to accumulate and preserve assets, those contributions deserve equivalent recognition in a property distribution upon a dissolution of the marriage."

*Id.* Clarice Brummund does not contend that she contributed to the increase in value of the farmland Carlton Brummund brought into the marriage or that she contributed a disproportionate amount to pay the family's expenses. Thus, this Court's holding in *Reiser* is not controlling in this case.

[¶ 12] We agree with the district court's interpretation of the parties' agreement. The parties each unambiguously waived any interest in the separately listed property of the other. Carlton Brummund's farmland was listed as his "separate property," and no language exists restricting his separate interest in the property to its value on a specific date. *See Reiser*, 2001 ND 6, ¶ 11, 621 N.W.2d 348. Clarice Brummund expressly agreed that she would not "have, or acquire, any right, title or claim" in Carlton Brummund's farmland "by virtue of the marriage." Her claim to part of the appreciation in the farmland's value, based solely upon her status as a divorcing spouse, is a claim to the property "by virtue of the marriage" and was waived in the premarital agreement.

[¶ 13] Although we note the parties provided valuations for the items of separate property listed in the agreement, we view that as compliance with the requirement in N.D.C.C. § 14–03.1–06(1)(b)(1) that the parties receive "fair and reasonable disclosure of the property or financial obligations of the other party," not as an intent to limit the waiver of rights to the value of the separate property on the date of the agreement. Here, the agreement unambiguously provided that specific legally described real estate was brought into the marriage by Carlton Brummund and was to remain his separate property. We conclude the district court did not err in holding that the premarital agreement was unambiguous and that Clarice Brummund waived any rights she may have had in Carlton Brummund's farmland, including the appreciation in its value during the marriage.

III

[¶ 14]   The judgment is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.